Thomas P. Farley, J.
Application for a stay of arbitration granted.
The contract between the parties provided for the employer (petitioner) to “provide the insurance benefits, providing for life insurance, accident and sickness insurance, hospitalization insurance and medical and surgical benefit insurance, as set forth in the insurance schedule attached hereto, and made a part hereof, as Exhibit E ” (art. XI, § 11.03). The employer has provided policies to cover such benefits and has processed claims of employees to the insurance carriers. Payment of valid claims are made directly to the employee claimant.
The agreement between the parties also provides for the arbitration of * ‘ any difference or disagreement between the parties, or between an employee or employer, involving the breach, the interpretation or the application of the provisions of this agreement ”. (Art. XVI.) The denial of insurance claims filed by employees is not a difference or disagreement between the “ employee and employer ” but rather between the employee and *461 insurance carrier. The denial of such claim does not involve a breach of the agreement nor an interpretation or the applications of the provisions of the same. Such denials are questions of the interpretations and the application of the insurance contract.
Nowhere in the agreement between the parties has the employer agreed to represent the employees in any disputes between the insurance carriers and the employees respecting claims filed by the latter, nor has it agreed to arbitrate any such disputes with the respondent union. The only arbitration provision concerning the insurance benefits is that contained in Exhibit “ E ” paragraph “ 3 ” wherein it is provided that “ If there is any dispute as to whether benefits or services will be reduced, the parties agree to present the dispute to the American Arbitration Association for arbitration ’ ’. The demand for arbitration involved herein concerning employee claims rejected by the insurance carriers does not refer to a dispute or disputes covered by that provision. If the employees whose claims were rejected by the insurance carriers feel aggrieved, their remedy is an action against the carrier as beneficiaries of the policies obtained by the employer. They may not look to the employer for payment of the benefits nor has the employer agreed to bring enforcement proceedings on their behalf against the insurer.