■ WILHELMINA HROCH, an Infant, by Her Guardian ad Litem, GEORGE HROCH, et al., Respondents, v. DOLORES COLON, Defendant, and UNION NEWS COMPANY et al., Appellants.— In a negligence action by the infant plaintiff to recover damages for personal injury, and by her father to recover for medical expenses and loss of services, defendants Union News Company and Philip De Noia appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered May 17, 1963 after trial on the jury's verdict in favor of plaintiffs, as was against said defendants. Judgment, insofar as appealed from, reversed on the law and the facts; action severed as against the nonappealing defendant Colon; and a new trial granted as between plaintiffs and the said defendants, Union News Company and De Noia, with costs to abide the event. In our opinion, the finding, implicit in the verdict, that appellants' negligence was a proximate cause of the accident in which the infant plaintiff was injured, was against the weight of the credible evidence. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of AMERICAN BOSCH ARMA CORPORATION, Respondent, and ALLEN J. STEWART, as President of Engineers Association of Arma, Local 418, I. U. E., AFL–CIO, Appellant.— In a special proceeding instituted by an employer against a union (parties to a collective bargaining agreement), to stay an arbitration demanded by the union pursuant to such agreement, the union appeals from an order of the Supreme Court, Nassau County, entered December 17, 1962, which granted the employer's motion and stayed the arbitration. Order affirmed, with $10 costs and disbursements. Under an arbitration clause in said collective bargaining agreement requiring submission to arbitration of all differences or disagreements involving the breach, interpretation or application of its provisions, the court's function is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the agreement, regardless of the merits of the claim (*Steelworkers* v. *American Mfg. Co.,* 363 U. S. 564). However, in the instant case, the rejection by an insurance company of the claims of four employees under insurance policies provided by the employer pursuant to the collective bargaining agreement does not show either: (a) that the insurance claims are governed by the agreement, or (b) that the employer violated a specific provision of the agreement. It does not appear that in the agreement (or otherwise) the employer agreed to submit to arbitration the denial of employees' claims under the insurance policies. Hence, there was no dispute between the parties as to the breach, interpretation, or application of the provisions of the collective bargaining agreement. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur. [37 Misc 2d 460.]